Mishka L. Marshall (016641)
**Marshall Law, P.C.**
2198 E. Camelback Rd., Suite 310
Phoenix, AZ 85016
Telephone: 602/274-7873
Facsimile: 602/274-8207
Email: mlm@marshall-law.us
Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MIGUEL A. PLASCENCIA,<br><br>　　　　　Plaintiff,<br><br>V.<br><br>DRIFTWOOD HOSPITALITY MANAGEMENT, LLC, a foreign company doing business in Arizona; DRIFTWOOD HOSPITALITY MANAGEMENT II, LLC, a foreign company doing business in Arizona,<br><br>　　　　　Defendants. | **Case No. CV**<br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

Plaintiff, Miguel A. Plascencia, for his complaint against Defendants, alleges as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2611, *et seq.*

2. The unlawful employment practices described herein were committed within the State of Arizona, on Defendants' premises located in Maricopa County,

Arizona. Accordingly, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3. The employment practices alleged below to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

**PARTIES**

4. Plaintiff Miguel Plascencia is, and was at all relevant times, a resident of Maricopa County, Arizona.

5. Defendant Driftwood Hospitality Management, LLC is a foreign company doing business in Maricopa County, Arizona.

6. Defendant Driftwood Hospitality Management II, LLC is a foreign company doing business in Maricopa County, Arizona.

7. Upon information and belief, Driftwood Hospitality Management II, LLC is a subsidiary, division, alter-ego, division, or other related entity of Driftwood Hospitality Management, LLC.

8. Upon information and belief, at all times relevant to this matter, Defendant Driftwood Hospitality Management, LLC and Defendant Driftwood Hospitality Management II, LLC (collectively referred to as "Defendants" or "Driftwood") employed more than fifty (50) workers.

9. Each Defendant is an employer as defined by the Family Medical Leave Act ("FMLA").

10. This Court has subject matter jurisdiction over these claims.

11. All acts complained of herein took place in Maricopa County, Arizona.

12. Plaintiff reserves the right to name and serve additional parties who may be liable for his damages, and will amend this Complaint and name such parties when, and if, their identity is discovered.

## GENERAL ALLEGATIONS

13. On or about July 12, 2009, Ardent Hotel Advisors hired Plaintiff as the full-time Executive Chef and Food & Beverage Manager at the Holiday Inn Phoenix West located at 1500 N. 51st Avenue in Phoenix, Arizona 85043.

14. In approximately July 2010, Defendants assumed the management and operations of the Holiday Inn Phoenix West located 1500 N. 51st Avenue in Phoenix, Arizona 85043.

15. As a result of Defendants' management and operation of the Holiday Inn West located 1500 N. 51st Avenue in Phoenix, Arizona 85043, the workers who had been employed by Ardent Hotel Advisors became employees of Defendants.

16. On or about July 8, 2010, Defendants formally hired Plaintiff as the Executive Chef and Food & Beverage Manager at the Holiday Inn Phoenix West located at 1500 N. 51st Avenue in Phoenix, Arizona 85043.

17. Throughout Plaintiff's employment, he performed at or above the expectations of Defendants.

18. Effective January 7, 2011, Plaintiff received a salary increase.

19. On or about October 25, 2011, a dentist extracted two of Plaintiff's wisdom teeth. As a result of the extraction, Plaintiff experienced complications that required further treatment.

20. In addition to the complications from dental extractions, Plaintiff began to experience cardiac symptoms.

21. Throughout the period during which Plaintiff was undergoing medical treatment, he provided Defendants with updates on his treatment and medical appointments. At no point did Defendants explore whether Plaintiff's conditions entitled him to FMLA leave.

22. On or about November 22, 2011, Plaintiff underwent an Alveoloplasty of the right mandibular third molar area to repair the damage Plaintiff suffered during the October 25, 2011 procedure.

23. Although the Alveoloplasty was successful, Plaintiff required microneurosurgery to repair damage to his right lingual nerve.

24. Plaintiff also had cardiac issues that may have required surgery.

25. On or about April 13, 2012, Plaintiff met with General Manager Mary Newland.

26. During the April 13, 2012 meeting, Plaintiff notified Defendants of his medical conditions and treatment and explained that he required time off for his medical care. Plaintiff requested two weeks off for the microneurosurgery on the lingual nerve.

27. Defendants did not examine whether FMLA leave was appropriate in light of Plaintiff's request.

28. Defendants did not provide Plaintiff with information about his right to FMLA leave.

29. Defendants did not refer Plaintiff to their Human Resources Department.

30. Defendants did not approve Plaintiff's request for FMLA-protected leave.

31. Plaintiff was scheduled for a pre-operative microneurosurgical visit with his oral and maxillofacial surgeon on April 24, 2012.

32. On April 23, 2012, Defendants terminated Plaintiff's employment and benefits, including medical and dental coverage.

33. At the time of the termination of Plaintiff's employment, all goals and profits for the Food & Beverage Department met or exceeded Driftwood's expectations.

34. As a direct and proximate cause of Defendants' unlawful termination of Plaintiff's employment, Plaintiff was unable to timely undergo the microneurosurgery on

his lingual nerve.

35. Upon information and belief, the delay in the treatment of Plaintiff's lingual nerve has resulted in permanent damage to his lingual nerve.

36. Defendants did not provide Plaintiff with notice regarding his eligibility for FMLA leave.

37. Defendants did not provide Plaintiff with notice of his rights and responsibilities under the FMLA.

38. Defendants did not approve Plaintiff's request for FMLA-protected leave.

39. Pursuant to 29 U.S.C. § 2611(4), the FMLA applies to employers with 50 or more employees during each working day during each of twenty (20) or more calendar work weeks in the current or preceding calendar year.

40. Based on the requirement set forth in the Paragraph 37, Defendants were employers obligated to extend FMLA benefits to their eligible employees.

41. Pursuant to 29 U.S.C. § 2611(2)(A), in order to qualify for FMLA leave, an employee must have been employed for at least twelve (12) months and for at least 1,250 hours of service with the employer during the previous twelve (12) month period.

42. Based on the requirements set forth in the Paragraph 39, Plaintiff qualified for FMLA leave.

## COUNT I

**(Family Medical Leave Act - U.S.C. § 2615(a)(1)**, *et seq.*)

43. Plaintiff realleges and incorporates herein by reference the allegations of the foregoing paragraphs of this Complaint as though fully set forth here.

44. Plaintiff was eligible for FMLA leave.

45. Plaintiff was entitled to FMLA leave.

46. Plaintiff provided Defendants sufficient notice of his FMLA qualifying

event.

47. Defendants were required to provide Plaintiff with notice regarding his eligibility for FMLA leave and Plaintiff's rights and responsibilities under the FMLA.

48. Defendants failed or refused to provide Plaintiff with notice regarding his eligibility for FMLA leave.

49. Defendants failed or refused to provide Plaintiff any information regarding his rights and responsibilities under the FMLA.

50. Defendants denied Plaintiff a benefit to which he was entitled pursuant to the FMLA in violation of 29 U.S.C. § 2615(a)(1).

51. As a direct and proximate cause of Defendants' violations of the FMLA, Plaintiff has suffered and continues to suffer damages that include, but are not limited to, wages, salary, employment benefits, liquidated damages, interest, permanent physical injury, and other damages to be proven at trial.

## **COUNT II**

**(Family Medical Leave Act – U.S.C. § 2615(a)(2), *et seq.*)**

52. Plaintiff realleges and incorporates herein by reference the allegations of the foregoing paragraphs of this Complaint as though fully set forth here.

53. Plaintiff was eligible for FMLA leave.

54. Plaintiff was entitled to FMLA leave.

55. Plaintiff's availed himself of a protected right pursuant to the FMLA.

56. Defendants terminated Plaintiff's employment nine (9) days after Plaintiff sought FMLA-protected leave.

57. The termination of Plaintiff's employment was a materially adverse action.

58. Defendants' decision to terminate Plaintiff's employment was causally linked to the protected conduct in which Plaintiff engaged.

59. As a direct and proximate cause of Defendants' violations of the FMLA, Plaintiff has suffered and continues to suffer damages that include, but are not limited to, wages, salary, employment benefits, liquidated damages, interest, permanent physical injury, and other damages to be proven at trial.

## DEMAND FOR JURY TRIAL

Miguel A. Plascencia hereby requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Order Defendants, jointly and severally, to make whole Miguel A. Plascencia by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, rightful reinstatement of Miguel A. Plascencia.

B. Order Defendants, jointly and severally, to pay front pay in an amount to be proven at trial.

C. Order Defendants, jointly and severally, to compensate Miguel A. Plascencia for past and future damages resulting from the unlawful practices complained of above, including all wages, salary, employment benefits, interest, or other compensation denied Plaintiff by reason of Defendants' violations.

D. Order Defendants, jointly and severally, to pay damages to for the permanent physical injury suffered by Miguel A. Plascencia as a direct result of the termination of Plaintiff's employment and medical benefits, thereby eliminating any opportunity to repair his lingual nerve.

E. Order Defendants, jointly and severally, to pay liquidated damages in an amount to be determined at trial;

F.   Award Miguel A. Plascencia his costs, attorney's fees and pre-judgment and post-judgment interest; and

G.   Grant such further relief as this Court deems necessary and proper in the public interest.

Respectfully submitted this 22nd day of April, 2014.

**MARSHALL LAW, P.C.**

/s/Mishka L. Marshall
Mishka L. Marshall
2198 E. Camelback Rd., Suite 310
Phoenix, AZ  85016
Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2014 I transmitted by electronic filing the foregoing Complaint to the United States District Court for the District of Arizona using the CM/ECF System.

/s/Mishka L. Marshall
Mishka L. Marshall